UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KATHY RENE TARVER,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE FARM AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No: C 09-1092 SBA<br><br>**ORDER VACATING STAY AND DISMISSING ACTION** |

This matter is presently before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") unopposed Motion to Dismiss for Failure to Prosecute. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby GRANTS Defendant's motion and dismisses the action with prejudice.

I.  **INTRODUCTION**

Plaintiff Kathy Tarver ("Plaintiff") filed the instant bad faith insurance action against Defendant in state court based on its handling of her uninsured motorists claims, which arose from two automobile accidents in 2002 and 2003. Defendant removed the action on the basis of diversity jurisdiction. Dkt. 1. On January 14, 2011, upon stipulation of the parties, the Court stayed and administratively closed the action pending the arbitration of Plaintiff's uninsured motorist claims. Dkt. 33. The Court ordered the stay to remain in effect until ten days after Plaintiff filed and served notice of that the arbitration had been resolved. Id. Although the arbitration concluded in February 2014, see Ellingson Decl. Ex. 2, Dkt. 35-1, Plaintiff never notified the Court of that development. She also has

undertaken no further action in this case, and ignored Defendant's efforts to meet and confer regarding the status of the action.

## II. DISCUSSION

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for failure to prosecute. <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986). A dismissal under for failure to prosecute is proper depends on several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." <u>Id.</u> Dismissal under Rule 41(b) is appropriate "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998).

### B. ANALYSIS

The first and second factors both favor dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 989, 990 (9th Cir. 1999). Second, Plaintiff's failures to notify the Court that the underlying arbitration had been resolved and to file a response to the instant motion as required by the Local Rules undermines the Court's ability to move the case forward by entering a pretrial scheduling order or setting a trial date. Such non-compliance inherently delays resolution of the case and insures to the detriment of the public. See <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]"); <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the Defendant, is related to the strength of the Plaintiff's excuse for the default. See Yourish, 191 F.3d at 991. Here, Plaintiff has offered no excuse for her conduct nor is any apparent from the record. Although Defendant attempted to meet and confer with Plaintiff regarding the further handling of this action, her counsel never responded to those efforts. See Ellingson Decl. ¶¶ 24-29. These facts weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991.

The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.")

Finally, the Court has considered less drastic alternatives to dismissal. The Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the granting of the motion. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262. Accordingly, this factor weighs strongly in favor of dismissal.

## III. CONCLUSION

The Court finds that four of the five factors that must be considered in determining whether a dismissal under Rule 41(b) is appropriate weigh strongly in favor of dismissal. Accordingly,

IT IS HEREBY ORDERED THAT:

1. The stay previously imposed by the Court is vacated and the action shall be administratively reopened.

2. Defendant's unopposed motion to dismiss is GRANTED, and the action is DISMISSED WITH PREJUDICE, pursuant to Rule 41(b).

3. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: November 26, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge